# In the United States Court of Federal Claims

No. 13-476

Filed: December 7, 2023

_____

SILVER BUCKLE MINES, INC., )
For Itself and as Representative of a )
Class of Similarly Situated Parties, )

                       *Plaintiffs*,

  v.

THE UNITED STATES,

                       *Defendant*.
_____

## ORDER

The Court previously certified a class with Frank Siderius of Siderius, Lonergan & Martin LLP appointed as the class counsel. ECF No. 49 at 30. On November 16, 2023, the plaintiff filed a motion to substitute Michael Siderius, also of Siderius, Lonergan & Martin LLP, as attorney of record following the death of Frank Siderius. ECF No. 134. The Clerk's Office granted the motion the same day under Rule 83.1(c)(4).

On November 29, 2023, the Government filed an unopposed motion for clarification or, in the alternative, to construe it as a motion to amend the class certification order to appoint Michael Siderius class counsel. ECF No. 136. The clarification that the Government and the plaintiffs seek is whether the substitution of Michael Siderius as counsel of record also means that he is appointed class counsel. Because RCFC 23(g)(1) requires the "court" appoint class counsel, the Clerk's order cannot be read to appoint Michael Siderius as class counsel.

In the alternative, the parties ask the Court to construe the motion to substitute as also moving to appoint Michael Siderius as class counsel. The Court agrees that the motion to substitute should also be construed as a motion to appoint Michael Siderius class counsel following Frank Siderius's passing. Under RCFC 23(g)(1)(E), the Court "may make further orders in connection with the appointment." Courts interpret this provision as allowing the Court to order the substitution of class counsel when appropriate. *See, e.g.*, *C.P. v. New Jersey Dep't of Ed.*, No. 1:19-cv-12807-NLH-MJS, 2023 WL 7103381, at *1 (D.N.J. Oct. 27, 2023) (applying Fed. R. Civ. P. 23(g)(1)(E), which is identical to RCFC 23(g)(1)(e)).

Michael Siderius is the only attorney that has sought appointment as class counsel after Frank Siderius's passing. "When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under RCFC 23(g)(1) and (4)."

RCFC 23(g)(2).  Under RCFC 23(g)(1), the Court must consider certain criteria regarding Michael Siderius.

First, the Court considers "the work counsel has done in identifying or investigating potential claims in the action."  RCFC 23(g)(1)(A)(i).  This consideration weighs heavily in favor of appointment because Michael Siderius is a partner with Siderius, Lonergan & Martin LLP, the same firm where Frank Sideris was a partner and that has been representing the class in this case from its inception.  ECF No. 135 ¶ 1.  Although not the counsel of record or appointed class counsel, Michael Siderius has been assisting his brother handling this case over the years.  *Id*. ¶ 2.

Second, the Court must consider "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action."  RCFC 23(g)(1)(A)(ii).  Again, Michael Siderius has shown experience not just with the types of claims asserted in this action; his work with his brother shows that he has experience with the specific claims asserted in this action.  Michael Siderius has been practicing law for more than 28 years.  ECF No. 135 ¶ 3.  Michael Siderius and his firm have also represented multiple parties in class actions and complex litigation, including:

- "[A] class action involving thousands of class members [that] resulted in an estate tax refund ordered by the Washington State Supreme Court which, including interest, exceeded $160 million."  *Id*. ¶ 5 (citing *Hemphill v. Dep't of Revenue*, 105 P.3d 391 (Wash. 2005)).

- A securities fraud class action in the Southern District of Florida that Michael Siderius worked on during an appeal to the Eleventh Circuit.  *Id*. ¶ 6.

- Defending a class action under the Washington Consumer Protection Act, which included obtaining a reversal on appeal of a judgment in favor of a certified class of plaintiffs.  *Id.* ¶ 7 (citing *Peterson v. KCU*, 287 P.3d 27 (Wash. 2012)).

- Counsel for certified class under the Washington Consumer Protection Act that involved trial and appellate litigation.  *Id*. ¶ 8 (citing *McCarthy Finance, Inc. v. Premera*, 328 P.3d 940 (Wash. App. 2014)).

- Counsel for defendant in two class actions regarding improper assessment of fees that resulted in court-approved settlements.  *Id*. ¶ 9.

- Counsel for defendant in a class action alleging unlawful employment practices that resulted in a court-approved settlement.  *Id*. ¶ 10.

The Court is convinced that Michael Siderius has appropriate experience to serve as class counsel.

Third, the Court must consider "counsel's knowledge of the applicable law."  RCFC 23(g)(1)(A)(iii).  Given that Michael Siderius was working with his brother in his prosecution of

this case over the last ten years, the Court is satisfied that he has sufficient knowledge of the law applicable here.

Finally, the Court must consider "the resources that counsel will commit to representing the class." RCFC 23(g)(1)(A)(iv). Here, the Court recognizes that Michael Siderius is a partner at Siderius, Lonergan & Martin LLP, where his brother formerly worked. It is clear at this point that the firm has put resources into representing the plaintiffs in this case over the ten years it has been pending. And this case appears near to its end. According to Michael Siderius's declaration: "The parties have agreed to settlement terms and they intend to execute a settlement agreement upon the Court's grant of my motion to appear as class counsel. After execution, the remaining issues will be preliminary approval of the Settlement Agreement, final approval of the Settlement Agreement, administration of the class and performance of the obligations of the Settlement Agreement." ECF No. 135 ¶ 12. The Court, therefore, concludes that Michael Siderius "is adequate under RCFC 23(g)(1)." RCFC 23(g)(2).

The Court next turns to RCFC 23(g)(4). *Id.* The Court need not guess at whether Michael Siderius will "fairly and adequately represent the interests of the class." RCFC 23(g)(4). His working with his brother (the prior class counsel) in his litigation of this case indicates that he will fairly and adequately represent the class, which has already agreed to a settlement with the Government that needs only to be signed and approved by this Court.

Pursuant to RCFC 23(g)(1)(E), the Court appoints Michael Siderius of Siderius, Lonergan & Martin LLP class counsel.

It is so ORDERED.

s/ Edward H. Meyers  
Edward H. Meyers  
Judge