# In the United States Court of Federal Claims

No. 13-476
Filed: February 16, 2024

|  |  |
|---|---|
| SILVER BUCKLE MINES, INC., For Itself and as Representative of a Class of Similarly Situated Parties, | ) ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| *Defendant*. | ) ) |

**ORDER**

On February 9, 2024, the plaintiffs filed an unopposed motion for preliminary approval of the class action settlement, proposed settlement notice plan, and settlement notices, ECF No. 146. The Court finds as follows:

On July 16, 2013, Plaintiff Silver Buckle Mines ("SBM") filed this case asserting that Bureau of Land Management ("BLM") lacked the legal authority to collect maintenance fees related to unpatented lode mining claims for the 2013 assessment year. ECF No. 1. SBM alleges that maintenance fee payments made in 2012 for the 2013 assessment year, in relation to lode mining claims, mill sites, and tunnel sites located before August 10, 1993, were paid in contradiction to Section 430 of the Consolidated Appropriations Act of 2012. ECF No. 1.

On May 23, 2017, the Court granted SBM's motion for summary judgment, denied BLM's cross motion for summary judgment, and granted SBM's motion to certify the class. ECF No. 49. The Court appointed Frank R. Siderius of Siderius Lonergan and Martin LLP as class counsel.

On July 10, 2018, the Court modified the class definition of its May 23, 2017, order. ECF No. 73. On August 7, 2018, the Court approved the parties' preliminary joint proposed class notification plan and appointed the KCC Class Action Services LLC ("KCC") as the Class Administrator (the "Administrator"). ECF No. 78.

After the class certification and issuance of the class notice, the opt-in period closed on January 18, 2019. The Administrator received 373 opt-in forms, including 103 forms submitted by internet. There are 16,818 unpatented mining claims and sites, submitted by 196 claimants, that fall within the class definition.

Attempting to resolve all claims following the opt-in period, the Parties submitted a joint status report on November 9, 2023, indicating they had reached an agreement that resolves this case fully and were in the process of executing a settlement agreement. ECF No. 133. Plaintiffs then filed a motion to substitute attorney Michael Siderius in place of Frank Siderius as class counsel on November 16, 2023, ECF No. 134, which the Court granted on December 7, 2023, ECF No. 137. The parties executed the settlement agreement on January 11, 2024.

Plaintiff requests the Court (1) preliminarily approve the Settlement Agreement; (2) approve the Notices of Class Action Settlement; (3) appoint KCC, LLC as Settlement Administrator; (4) direct the Settlement Administrator to mail and/or email the Notices of Class Action Settlement to class members; (5) establish certain deadlines; and (6) schedule a fairness hearing. The Government does not oppose.

I.  **The Settlement Agreement**

The Settlement Agreement provides that for each eligible mining claim or site the Government will pay $140.00 for a total payment of $2,354,520.00 inclusive of all damages, attorney's fees, out of pocket expenses to the end of the case, and all administrative fees and costs to the end of the case ("the Settlement Amount") in full satisfaction of all claims. The Settlement Agreement further provides for the payment of $595,904.00, which consists of $470,904.00 for fees and costs to Class Counsel (20%) and $125,000.00 to the Class Administrator. This amount will be paid from the Settlement Amount and shall be charged proportionally to the settlement class members.

"Pursuant to RCFC 23(e), '[t]he claims, issues or defenses of a certified class may be settled . . . only with the court's approval,' requiring a 'finding that it is fair, reasonable, and adequate." RCFC 23(e), (e)(2); *see also Berkley v. United States*, 59 Fed.Cl. 675, 677 (2004). In reviewing whether a proposed class action settlement warrants approval, the Court conducts a "two-step process in which [it] first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Barnes v. United States*, 89 Fed. Cl. 668, 670 (2009).

The court in *Barnes* considered four factors for determining whether a settlement is within the range of approval: (i) whether the settlement agreement appears to be the product of serious, informed, non-collusive negotiations; (ii) whether it improperly grants preferential treatment to class representatives or other members of the class; (iii) whether counsel are experienced and have been adequately informed of the facts via discovery; and (iv) whether the agreement otherwise has obvious deficiencies. *Id.* The Court addresses these factors in turn.

*First*, class members are obtaining complete relief and the resolution of all claims without further delay due to litigation and appeals. There is nothing to indicate that the proposed Settlement Agreement is anything but the product of arms-length negotiations. Therefore, the first *Barnes* factor weighs in favor of preliminary approval of the proposed Settlement Agreement.

*Second*, no class member or class representative is given preferential treatment. All members will share proportionally in their claim to the Settlement Amount, and the Settlement

Agreement does not contain any class representative award. The Settlement Amount is calculated based upon the number of claims and sites for each settlement member. The only deduction made is for costs to administer the Settlement and for attorney's fees and costs. All Settlement Fees and Costs will be borne proportionally by each member of the class. Therefore, the second *Barnes* factor weighs in favor of preliminary approval.

*Third*, Class Counsel is experienced and has earnestly advocated on behalf of the class members. Siderius, Lonergan & Martin, LLP has experience litigating and defending numerous class complaints before State and Federal Courts. The Court appointed Frank Siderius, and later Michael Siderius as Class Counsel. The interests of the entire Class appear to have been diligently represented throughout this litigation. Therefore, the third *Barnes* factor weighs in favor of preliminary approval.

*Fourth*, the Settlement has no apparent deficiencies and provides payment for all relief sought by the Class from the outset of this case, less the costs and fees incurred. The parties have settled all claims based upon their evaluations of the likelihood of success and in favor of an immediate resolution, instead of continuing with litigation. Therefore, the fourth *Barnes* factor weighs in favor of preliminary approval.

Given that all four *Barnes* factors weigh in favor of preliminary approval, the Court concludes that the Settlement Agreement merits preliminary approval.

## II.   Notice to Class Members

While there are not rigid rules for providing class notice, the chosen notice must fairly appraise the class members of the proposed settlement's terms and the options open to them in connection with the proceeding. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc*., 396 F.3d 96, 113-14 (2d Cir. 2005). To be adequate, the notice must be understandable to the average class member. *Id*.

The Parties propose providing notice to the settlement class member by posting a notice on the Case website maintained at http://www.miningfeerefundclassaction.com ("the case website"), sending post card notices to all claimants, and sending the settlement notice via email to all those claimants who have provided email addresses. Concurrent with this notice to class members, holders of ineligible claims will be notified of the ineligibility of their claims by separate letter.

The Court finds Plaintiff's proposed notices are reasonable and adequate to alert class members to their rights and obligations under the terms of the agreement, including requiring claimants to provide a tax identification number (*e.g.*, a social security number or employer identification number) as condition to receiving disbursement of a claimant's settlement payment.

The Court further finds that notice by postcard mailing to the last known address of claimants, email notice to those claimants who have provided an email address, and notice contemporaneously posted to the website dedicated to the settlement are reasonable and adequate methods of notice.

Therefore, Court **GRANTS** Plaintiff's unopposed Motion for Preliminary Approval of the Class Action Settlement and Approves the Notices of Class Action Settlement, ECF No. 146.

The Court further ORDERS, as follows:

a.) The Court APPOINTS KCC, LLC as the Settlement Administrator, and authorizes it to act in accordance with the Settlement Agreement and all Court orders relating to the Settlement Agreement.

b.) The Settlement Administrator shall, **within ten (10) days of the entry of this order**, mail to each Plaintiff the appropriate Notice of Class Action Settlement Postcard dedicated to the Settlement. The Court DIRECTS the Settlement Administrator to make reasonable efforts to verify the last known address of the class members.

c.) The Settlement Administrator shall, **within ten (10) days of the entry of this order**, post to the website the following documents: (1) the Notices of Class Action Settlement; (2) the Complaint; (3) the Settlement Agreement; (4) this Order; and (5) Answers to frequently asked questions.

d.) Class members shall provide any written objection to the proposed Settlement Agreement or to Plaintiff's Motion for Attorney's Fees and Litigation expenses to Plaintiff's Counsel, Michael Siderius of Siderius Lonergan and Martin, LLP, 500 Union Street, Suite 847, Seattle, WA 98101, postmarked **no later than twenty-one (21) days** from mailing and posting of the class action notice described in list items (b.) and (c.), above. Plaintiff's counsel shall promptly file with the Court any objections received and provide a copy to the Government. The parties or Administrator are directed to update the proposed notices with the deadline in this paragraph.

e.) Plaintiff's counsel and the Government shall file responses to any objections **within ten (10) days** after receipt of the objection.

f.) The Fairness Hearing shall be held **April 11, 2024, at 10:00 a.m. Eastern Daylight Time**. The Fairness Hearing shall be held at the National Courts Building, 717 Madison Place NW, Washington, D.C. 20439. Class members may attend either in person or participate telephonically using the dial-in instructions provided to them. The purpose of the Fairness Hearing is to determine whether the Court should finally approve the Settlement Agreement as fair, reasonable, adequate and in the best interest of the Class. The parties or Administrator are directed to update the proposed notices with the hearing date and time specified in this paragraph.

g.) Within **one hundred eighty (180) days** from the date the Settlement Administrator mails the last settlement checks, the Settlement Administrator shall provide a final accounting to the parties of all payments made from the Settlement Trust and all refunds to the United States.

h.) Within fifteen (15) days of the date the accounting is sent, the parties shall confer to see if they are satisfied with the Administrator. If not satisfied, the parties shall work

in good faith to resolve any dispute.  If satisfied, the parties shall stipulate to dismissal of this case.

**IT IS SO ORDERED.**

<u>s/ Edward H. Meyers</u>
Edward H. Meyers
Judge
